PEERY, Defendant in Error, v. MOORE, Plaintiff in Error.

1. A. instituted a suit against B. to recover money paid by him as a security for said B. upon a promissory note executed by them jointly. A. afterwards instituted a suit against C., charging in his petition that at the time of the execution of said promissory note C. was a secret partner of B., and praying that the two suits might be consolidated. C. answered denying the alleged partnership. The court consolidated the two suits against the objection of C. *Held*, 1st, that this consolidation was irregular; 2d, that depositions taken in the suit against B. alone, and of the taking of which C. had no notice, were inadmissible in evidence against C.

*Error to Kansas City Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*Hovey*, for plaintiff in error.

I. The court below had no power to consolidate the two actions, because the issues tendered to the two defendants were entirely different. (R. C. 1845, p. 825, § 21.)

II. The permission of the court below to Peery to read in evidence the depositions of Stephenson, Boothe and Wheeler, was erroneous, because no notice was given to Moore, and they were not taken in any cause in which Moore was at the time a party. (R. C. 1845, p. 417, § 6; p. 419, § 20.)

III. The instructions given to the jury, at the instance of Peery, on the subject of partnership, were not the law of this case. They are predicated upon the assumption that Moore's being a partner of Randolph at the date of the note was all that was necessary to make Moore liable to Peery; and this assumption is false. (Story on Partnership, § 134, 136; Ashbury v. Flesher, 11 Mo. 610.)

IV. The doctrine of substituting the security for the payee of a note only applies where the payee has by law a lien (as vendor's lien), or has taken a lien (as a mortgage or judgment or pledge) to secure the payment as against the principal. (Crump. v. McMurtry, 8 Mo. 408.)

V. The evidence carries the supposed partnership back only

19—VOL. XXIV.

to the date of the note, and not to the time of the purchase of the lumber.    The law presumes a continuance of a partnership, but not its commencement.    Ross, the payee, might have had his action against both Randolph and Moore for the value of lumber, if the partnership existed at the time of the purchase, but not upon the note.    The security's right of action arises out of the note alone, and not out of the consideration of it. (Story on Part. § 84, 136; Denton et al. v. Bodie, 5 Camp. 493 ; Saville v. Robertson, 4 T. R. 720; R. C. 1845, tit. Security, § 5 & 6.)

VI. The court ought to have given the instructions asked for by Moore.

No appearance for defendant in error.

Scott, Judge, delivered the opinion of the court.

It would have been desirable had this court had some intimation of the rule or statute which in the judgment of the court below warranted this singular proceeding.    We have never heard that because a plaintiff did not know, when he began his suit, that another ought to have been made co-defendant in an action for money paid, that afterwards, when he ascertained the fact that one was omitted who ought to have joined, that therefore, on filing a petition against him, he could have the two suits consolidated in one action.    It was once thought that in such cases the original suit would have been dismissed, and a new action instituted against both the defendants, as it was not conceived that a plaintiff, by his allegation of the want of knowledge of a fact, could claim an advantage otherwise denied to him.    As it is, the plaintiff, by the course in which he was indulged, has been led into errors which make it a matter of justice to the defendant that his judgment should be reversed ; so much better is it to follow the old beaten tract than the new modern courses in which alone some men imagine that justice can be found.

The bill of exceptions states that the plaintiff offered to read in evidence depositions which had been taken in the case

against Randolph alone, and of the taking of which the defendant Moore had no notice.    To this defendant Moore excepted.    The main point on the trial was whether Moore was a partner of Randolph.    As that was the issue, we see no ground on which depositions, taken in a cause to which Moore was no party and of which he had no notice, could be read against him.    In such cases, the rule as to the admissions of one partner being evidence against another, or notice to one being notice to another, has no application; for the very thing on trial is whether they were partners; and until that was settled, the rule has no force as regards them.    The instruction given, to the effect that the jury would exclude from their consideration any thing that Randolph may have said about Moore being a partner of his unless Moore was present at the time, did not remove the difficulty.    The depositions read against Moore not only contained the declarations of Randolph, but they also contained the evidence of witnesses who testified to the conduct of Moore, from which the jury might draw the inference that he was a partner of Randolph.

The form of the security from which the liability of the defendant is alleged to have arisen indicated that the plaintiff was security for Randolph only.    If Peery was bound for Randolph alone, he had no recourse against Moore.    *Prima facie* the debt was due by Randolph; and, in order to make Moore liable, it was necessary to show that it was a debt due by the firm.    The instructions therefore asked in relation to this subject should have been given.

Although in form, the petition having the promissory note by which the plaintiff was bound annexed to it, wears the appearance of a suit of which the note was the foundation; yet, when the substance of the thing is regarded, it sufficiently appears that the action is really for money paid as surety, of which the production of the note and proof of its payment were evidence enough as against Randolph.    We are however of the opinion that there is not weight enough in this objection to induce the interference of this court.

Although we regard this proceeding as having been very irregularly begun, we do not know but that the cause of justice will be most subserved and the interest of the defendant as well secured in this action, as by requiring the plaintiff to begin again; especially as this seems at last to be nothing but a proceeding against Moore, he being the only responsible party. We deem it for the interest of Moore that a new action should not be required. Reversed and remanded; the other judges concurring.